UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SID ARISMENDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-312 |
| | § | |
| COASTAL BEND COLLEGE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ON MOTION TO DISMISS
## AND MOTION FOR LEAVE TO AMEND

Plaintiff Sid Arismendez brought suit against Coastal Bend College ("CBC") and several of its employees after he received a trespass warning from the college's Chief of Police. D.E. 1. Plaintiff alleges the warning is based on a false accusation by Jennifer Arismendez—a CBC employee and Plaintiff's estranged wife—that he was stalking her, presumably on CBC's campus. Defendants moved to dismiss Plaintiff's original complaint for failure to state a claim under Rule 12(b)(6) and for lack of jurisdiction under Rule 12(b)(1). D.E. 3. The Court granted Plaintiff an extended deadline to respond to this motion. Nonetheless, Plaintiff missed the extended deadline and filed an untimely motion for leave to amend his complaint, with the expectation that the amended complaint would automatically moot Defendants' motion to dismiss. D.E. 6, 7. Defendants oppose the motion for leave. D.E. 8.

For the following reasons, Defendants' motion to dismiss is GRANTED (D.E. 3) and Plaintiff's motion for leave to amend is DENIED (D.E. 7). Plaintiff maintains a

claim for denial of due process under 42 U.S.C. § 1983 against Jennifer Arismendez in her individual capacity, which Defendants did not address in their motion to dismiss.

## BACKGROUND

Sometime around September 25, 2019, Plaintiff received a letter from CBC's Chief of Police, Kevin Behr, titled "CRIMINAL TRESPASS WARNING," which advised that Plaintiff was "absolutely forbidden" from going on CBC property. D.E. 1, ¶ 10. The warning also suggested that Plaintiff's estranged wife, Jennifer Arismendez, had prompted the warning by complaining that Plaintiff was stalking her, again, presumably on CBC's campus. D.E. 1, ¶ 12. Chief Behr signed the warning, identifying himself as an "Authorized Representative of Coastal Bend College District." D.E. 1, ¶12.

After receiving the warning, Plaintiff requested copies of any complaints made by his wife, as well as any CBC policy authorizing Chief Behr to issue the warning. Plaintiff was informed that there were no documents responsive to his request for complaints. But he did receive a policy document ("GDA Legal") that he claims reserves authority to take "adverse action" to the "Chief Administrative Officer" of CBC. D.E. 1, ¶ 14. Plaintiff specifically denies that CBC or its Interim President ever authorized Chief Behr to take any adverse action, and specifically alleges that Chief Behr lacked authority to issue the trespass warning. D.E. 1, ¶¶ 14, 18.

Plaintiff also disputes that he ever stalked his wife. He instead claims he has legitimate business with students in CBC's dental hygiene program—the same program where his wife serves as an Associate Professor. And she falsely accused him of stalking in order to protect her dating relationship with some other CBC employee or employees.

D.E. 1, ¶ 17.  To this end, she acted "in concert" with Chief Behr to "grossly deviate from basic police practices and violate state law and board policy."  D.E. 1, ¶ 17.

Plaintiff asserts five causes of action against CBC under 42 U.S.C. 1983.[1]  He also asserts one of these claims, denial of due process, against CBC's Interim President and Chief Behr in their official capacities, as well as Jennifer Arismendez in both her official and individual capacities.[2]  Finally, he brings a defamation claim under state law against Jennifer Arismendez in both her official and individual capacities.

## DISCUSSION

### I.    Defendants' Motion to Dismiss

#### A.    Legal Standard

Federal Rule of Civil Procedure Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  These factual allegations must permit a court to reasonably infer that the defendant is liable for the alleged misconduct.  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a

---

[1] The Section 1983 claims against CBC are (1) denial of due process; (2) deficient hiring and continued employment; (3) failure to train; (4) failure to discipline; and (5) custom of condoning constitutional rights violations.

[2] Dr. Justin Hoggard assumed the role of CBC President in November 2019.  Pursuant to F.R.C.P. 25(d), he has taken Interim President Dr. Carry DeAtley's position as a defendant in this litigation.  D.E. 5; *See also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Indeed, when officials sued in this [official] capacity in federal court die or leave office, their successors automatically assume their roles in the litigation.")

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (*citing Twombly*, 550 U.S. at 555).

### B.    Section 1983 Claims against CBC

To impose municipal liability on a government entity under 42 U.S.C. § 1983, a plaintiff must prove three elements: "a policymaker; an official policy; and a violation of constitutional rights, the 'moving force' of which is the policy or custom." *Fernandez v. Coastal Bend Coll.*, No. 2:15-CV-200, 2015 WL 6704790, at *2 (S.D. Tex. Nov. 3, 2015) (citations omitted). "[U]nconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citations omitted).

Plaintiff fails to allege facts sufficient for the Court to infer that he could meet the requirements of municipal liability. At the outset, Plaintiff does not identify any action taken by a policymaker. He suggests GDA Legal gives CBC's Interim President authority to take "adverse actions." D.E. 1, ¶ 14. Yet he also specifically **denies** that CBC or its Interim President "vested such authority on Chief Kevin Behr." D.E. 1, ¶ 14. While Plaintiff makes claims regarding CBC's training and discipline of police officers,

as well as its enforcement of certain policies, these allegations are barebone recitations of the elements of municipal liability, lacking any factual support.[3]

In a similar vein, Plaintiff claims CBC had a custom of condoning constitutional violations, but he does not identify any violation other than the one allegedly committed against him. He therefore fails to allege a "widespread practice of [governmental] officials or employees . . . so common and well settled as to constitute a custom." *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017) (quotations and citations omitted).

Even assuming Plaintiff identified a policymaker and policy, his factual allegations only permit the Court to infer that the "moving force" behind any constitutional violation was the action of rogue employees—not CBC policy. According to Plaintiff, his estranged wife was dating some other CBC employee. To protect that relationship, she acted "in concert" with Chief Behr to "grossly ***deviate*** from basic police practices and violate state law and board policy." D.E. 1, ¶ 17 (emphasis added). And, as already noted, Plaintiff also denies that Chief Behr had authority to issue the trespass warning. D.E. 1, ¶ 18. Municipal liability is barred in circumstances, like these, where government employees do not act pursuant to government policy. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

---

[3] Defendants also argue that CBC's Board of Trustees is its sole policymaker. Given Plaintiff's allegations, the Court finds it unnecessary to address this issue.

### B.   Section 1983 Claims against Defendants in their Official Capacities

Defendants ask the Court to dismiss the Section 1983 claims against the individual defendants in their official capacities because they merely replicate the claims against CBC.  The Court agrees these claims are redundant, as "[i]t is well settled that when a plaintiff files suit against state officials in their official capacities, the lawsuit is effectively one against the state."  *Davis v. Stephens*, No. 2:14-CV-38, 2015 WL 1407762, at *2 (S.D. Tex. Mar. 26, 2015) (citation omitted).  Because Plaintiff failed to state his Section 1983 claims against CBC, he also failed to state them against the individual defendants in their official capacities.

### C.   The Defamation Claim

Plaintiff sues Jennifer Arismendez in both her individual and official capacities, claiming she defamed him by falsely accusing him of stalking.  Defendants urge the Court to dismiss the defamation claim against Jennifer Arismendez—in both her individual and official capacities—pursuant to the Texas Tort Claims Act's ("TTCA") election of remedies provision.  They also argue that, by suing his wife in her official capacity, Plaintiff effectively sued CBC for defamation, but the Court lacks jurisdiction over such a claim.  The Court agrees on both counts.

***Jennifer Arismendez.***   Under the election of remedies provision, when a plaintiff sues both a government unit and an employee of the unit under the TTCA, the court must immediately dismiss the employee upon a motion by the unit.  Tex. Civ. Prac. & Rem.

Code Ann. § 101.106(e).[4]  Suits against government employees in their official capacities constitute suits against their employers.  *Velasquez*, 332 S.W.3d at 382.

Plaintiff sued his wife in both her individual and official capacities, and he further alleges that she was "acting within the scope of [her] employment with Coastal Bend College" at "all relevant times."  D.E. 1, ¶ 9.   He therefore brought suit against both CBC and Jennifer Arismendez under the TTCA, triggering the election of remedies provision. Now that CBC has moved for Jennifer Arismendez's dismissal, the Court must grant it.  *See Perez v. Texas A & M Univ. at Corpus Christi*, No. 2:13-CV-225, 2013 WL 6230353, at *12 (S.D. Tex. Dec. 2, 2013), *aff'd*, 589 F. App'x 244 (5th Cir. 2014) ("Under the TTCA election of remedies provision, the claims against the individual Defendants . . . in both their individual and official capacities . . . must be dismissed.") (citations omitted).

*CBC.*   While Plaintiff effectively sued CBC for defamation when he named Jennifer Arismendez in her official capacity, the Court lacks jurisdiction over any such claim because "[d]efamation is an intentional tort, for which the Texas Tort Claims Act does not waive immunity."  *Hernandez v. Pulido*, 273 F.3d 392 (5th Cir. 2001) (citations omitted); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2).   CBC has plead its governmental immunity and is entitled to dismissal of this state claim.  D.E. 3.  All of Plaintiff's defamation claims are therefore dismissed.

---

[4]   Any tort claim against a government unit is brought "under" the TTCA for purposes of its election of remedies provision, even if the TTCA does not waive immunity for the alleged tort.  *Franka v. Velasquez*, 332 S.W.3d 367, 375 (Tex. 2011).

## II. Plaintiff's Motion for Leave to Amend

Plaintiff claims, without explanation, that his untimely motion for leave to amend mooted Defendants' motion to dismiss. The timely filing of an amended complaint generally moots a pending motion to dismiss. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985). But Plaintiff's first amended complaint only becomes operative if the Court grants him leave to amend. F.R.C.P. 15(a)(2). For the reasons stated below, the Court denies Plaintiff's motion for leave. Because his proposed first amended complaint is inoperative, it does not moot Defendants' motion to dismiss.[5]

The Federal Rules of Civil Procedure permit plaintiffs to amend their pleadings once as a matter of course within twenty-one days after a motion to dismiss under Rule 12(b) is filed. F.R.C.P. 15(a)(1)(B). Beyond that, however, plaintiffs must either obtain leave from the court or written consent from the opposing party. F.R.C.P. 15(a)(2).

Courts should "freely give leave when justice so requires." *Id.* Nonetheless, they may deny leave when there is "(1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; or (5) the amendment would be futile." *C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (citations omitted). A proposed amended complaint is futile if it fails to state a claim under Rule 12(b)(6). *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016).

---

[5] Even if it became operative, it would not moot the motion to dismiss. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1476 (3d ed. 2019) ("If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.").

Plaintiff admits his motion is untimely. D.E. 7, p. 2. Defendant argues this constitutes undue delay, as the Court had previously granted Plaintiff an extended filing deadline, which he failed to meet. *See id.*, D.E. 8, p. 2. The Court, however, declines to find undue delay at this early stage of litigation. But it does agree with Defendants that Plaintiff's proposed first amended complaint is futile. D.E. 6. Plaintiff entirely drops his claims under 42 U.S.C. § 1983 for deficient hiring and continued employment, failure to train, and failure to discipline. He makes no additional allegations relevant to his other Section 1983 claims. And while he attempts to circumvent the TTCA's election of remedies provision by belatedly suing Jennifer Arismendez solely in her individual capacity, Texas law forbids such maneuvering. *See Univ. of Texas Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 538 (Tex. 2017) ("Rios could not avoid this result by amending his petition . . . .").

Given the futility of Plaintiff's proposed first amended complaint, his motion for leave to amend is DENIED.

## CONCLUSION

Defendants' motion to dismiss is GRANTED (D.E. 3) and Plaintiff's motion for leave to amend is DENIED (D.E. 7). This leaves Plaintiff with a single federal claim under 42 U.S.C. § 1983 for denial of due process against Jennifer Arismendez in her individual capacity.

ORDERED this 27th day of February, 2020.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE